**UNITED STATES of America, Appellee,**

v.

**Charles BROADHEAD, Appellant.**

**No. 521, Docket 32178.**

United States Court of Appeals Second Circuit.

Argued June 3, 1968.

Decided June 3, 1968.

---

knowing the same to have been stolen (18 U.S.C. § 641) and with possession of property stolen from interstate commerce, knowing the property to have been stolen (18 U.S.C. § 659). Setting forth three grounds of alleged prejudicial trial error, appellant seeks reversal of the conviction and a new trial. Two of these claims relate to instructions on the applicable law that the trial judge gave to the jury; the third relates to the failure of the court to grant a motion for a mistrial after the case against appellant's two codefendants was terminated because they each, out of the presence of the jury, pleaded guilty to the indictment.

 It was not error to deny the motion for a mistrial. Also it is demonstrably clear that one of the court's two instructions now claimed to have been erroneous was properly submitted to the jury after the judge gave defense trial counsel a full opportunity, accepted by counsel, to assist in its preparation, and that the other was not misleading and not a misstatement of law. Moreover, neither instruction was objected to at trial when given.

The conviction below is affirmed.

---

James W. Brannigan, Jr., Douglas S. Liebhafsky, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., Southern District of New York, for appellee.

Phylis Skloot Bamberger, Anthony F. Marra, New York City, for appellant.

Before WATERMAN, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

After a jury trial appellant was convicted on both counts of a two-count indictment. He was found guilty of having concealed property of the United States with a value of more than $100 with intent to convert it to his own use,